## SAM BAYLESS V. THE STATE.

No. 10401.   Delivered December 8, 1926.

**1.—Manufacturing Intoxicating Liquor—Comments of Court—In Presence of Jury—Improper, But Not Reversible Error.**

Where, after the jury in a case for manufacturing intoxicating liquor, had been in retirement for several hours, and returned into court and reported that they were in unanimous agreement upon appellant's guilt, but were divided eleven to one on the amount of the punishment, it was improper for the court to remark that eleven men were more apt to be right than any one man, but the lowest penalty having been imposed, no injury is shown.

**2.—Same—Remarks of Court—Rule Stated.**

Art. 707 of our C. C. P. 1925 provides that the judge presiding at the trial shall not make any remarks calculated to convey to the jury his opinion of the case, and somewhat similar restrictions are placed upon the court by Arts. 658 and 768, C. C. P. of 1925.   Transgressions of these limitations, when calculated to harm the accused, have been uniformly held to be prejudicial, unless the contrary appears from the record.   See English v. State, 85 Tex. Crim. Rep. 450; also Vernon's Tex. C. C. P., Vol. 2, page 698.

Appeal from the District Court of Gray County.   Tried below before the Hon. W. R. Gray, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The evidence is quite sufficient to sustain the conviction.

After deliberating several hours, the jury came into open court and reported that they were unanimous in their agreement upon the appellant's guilt but that they were divided, eleven to one, on the amount of punishment.   The court then remarked  to the jury "that eleven men were more apt to be right than any one man and that they should retire and agree upon a verdict."   To this remark an exception was reserved.

The judge presiding at the trial is forbidden by statute to "make any remark calculated to convey to the jury his opinion of the case."   Art. 707, C. C. P. 1925.   Somewhat similar restrictions are placed upon the court by Arts. 658 and 768, C. C. P.

1925. Transgressions of these limitations, when calculated to harm the accused, have been uniformly held to be prejudicial unless the contrary appears from the record. See English v. State, 85 Tex. Crim. Rep. 450; also Vernon's Tex. C. C. P., Vol. 2, p. 698, and notes on succeeding pages. Apparently, the record in the present case demonstrates that the making of the improper remark did not operate to the prejudice of the accused. It is made manifest by their report to the court that the jury was unanimous in its finding of guilt, but were divided alone upon the penalty. It follows that either one juror or eleven jurors favored a higher penalty than the minimum. The final agreement upon the minimum is incompatible with the theory of injury.

The judgment is affirmed.                    *Affirmed.*